IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

PAMELA LeMASTERS,

        Petitioner,

v.                                  Civil Action No. 5:05CV38
                                        (Criminal Action No. 5:03CR31)
UNITED STATES OF AMERICA,                   (STAMP)

        Respondent.

**MEMORANDUM OPINION AND ORDER
ACCEPTING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.    Background

On March 24, 2005, the petitioner, Pamela LeMasters ("LeMasters"), pro se, filed a petition to vacate, set aside or correct her sentence under 28 U.S.C. § 2255. This Court referred the case to United States Magistrate Judge James E. Seibert, pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B), to recommend disposition of this matter. On April 25, 2005, the magistrate judge directed the United States to file a response.

Before the United States responded, the petitioner filed a memorandum in support of her motion to vacate. The magistrate judge then entered a second order directing the United States to respond to the petitioner's petition and motion. Finally, on May 19, 2005, the United States filed its response. The petitioner filed a reply on June 9, 2005, and on June 14, 2005, the petitioner filed a motion to continue and a motion for a hearing. In her motion to continue, the petitioner indicated she may be able to

obtain counsel with assistance from her mother, and therefore, requested that a decision on her § 2255 petitioner be delayed.

This Court granted the petitioner's motion to continue, but denied her motion for a hearing as unnecessary at that time. No counsel was obtained.

On December 7, 2005, the magistrate judge entered a report recommending that the petitioner's petition and motion be denied and dismissed with prejudice because it was untimely. No objections were filed.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which objection is made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." Because no objections have been filed, this Court reviews the magistrate judge's report and recommendation for clear error. After careful consideration, this Court finds that the magistrate judge's report and recommendation should be affirmed and adopted.

## II. Facts

As the magistrate judge discusses in his report and recommendation, the petitioner entered into a plea agreement with the United States on January 6, 2005, agreeing to plead guilty to conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B). In her agreement, the petitioner

stipulated to a total drug relevant conduct of less than 500 grams of methamphetamine and waived her right to appeal her sentence directly or collaterally through a § 2255.  Moreover, the petitioner specifically acknowledged that she understood that the United States would file an information pursuant to 21 U.S.C. § 851(a) stating that LeMasters had previously been convicted of a felony drug offense.

At the change of plea hearing, the United States summarized the terms of the plea agreement in open court and the petitioner was instructed to listen carefully to the government's summary. The petitioner then indicated to this Court that she had reviewed the plea agreement, the indictment and the information against her with her attorney and that she understood the terms of her plea agreement.  Importantly, the petitioner indicated that she understood the statutory minimum and maximum sentence pursuant to the indictment and information against her, and that she understood she was giving up her right to appeal any sentence within the statutory maximum.  Finally, the petitioner indicated she understood she was waiving her right to challenge her sentence collaterally pursuant to a habeas corpus petition.

This Court informed the petitioner of the minimum and maximum penalties provided by statute, and explained that no one could determine the exact sentence that she would receive until the probation officer completed the presentence report and both parties had an opportunity to challenge facts reported by the probation

officer.  The petitioner indicated in open court that she understood that this Court was not bound by recommendations made in the plea agreement.

The petitioner then indicated in open court that she believed her attorney had adequately and effectively represented her throughout the criminal proceedings against her.  Moreover, LeMasters again acknowledged that she did, in fact, commit the crime charged in Count One of the indictment and that the information was correct.  Satisfied that LeMasters had entered her plea agreement knowingly and voluntarily, this Court accepted the petitioner's plea of guilty, but deferred adjudging her guilty and deferred accepting or rejecting the plea agreement until the time of sentencing.  At the time of sentencing, this Court adjudged the petitioner guilty, accepted the plea agreement and sentenced the petitioner to 120-months incarceration.

### III.  Discussion

LeMasters argues that she was sentenced beyond the statutory maximum of 21 U.S.C. § 841(b)(1)(B).  Moreover, the petitioner argues she was sentenced in violation of the Sixth Amendment and Apprendi v. New Jersey, 530 U.S. 466 (2000), because she was sentenced based upon facts she had not admitted and which were not presented to a jury.  The United States responds that LeMasters' petition should be denied because she waived her right to challenge her sentence collaterally, and in the alternative, because her petition fails on its merits.

4

Where an individual knowingly and voluntarily waives her right to collaterally challenge her sentence, such waiver will bar that individual's subsequent § 2255 petition unless the sentence challenged was in excess of the maximum penalty provided by statute or based upon a constitutionally impermissible factor such as race or ineffective assistance of counsel. See <u>United States v. Marin</u>, 961 F.2d 493 (4th Cir. 1992). While the petitioner challenges her sentence by arguing it was in excess of the maximum penalty provided by statute, this Court agrees with the magistrate judge that the petitioner's failure to raise her claim on direct appeal results in a procedural default barring collateral review. See <u>Bousley v. United States</u>, 523 U.S. 614 (1998). In short, the petitioner failed to raise her arguments on direct appeal and has failed to show cause, prejudice or actual innocence necessary for habeas corpus review. See <u>United States v. Mikalajunas</u>, 186 F.3d 490, 492-93 (4th Cir. 1999), <u>cert. denied</u>, 529 U.S. 1010 (2000).

The petitioner's claim that she was sentenced beyond the statutory minimum is without merit. Even without the § 851 information, the statutory maximum for 21 U.S.C. § 841(b)(1)(B) to which the defendant pleaded guilty would have been 40 years. By pleading guilty to the additional information charging the petitioner with a prior felony drug conviction, the petitioner was subject to a minimum-maximum sentence of 10 years to life imprisonment. Accordingly, the petitioner's sentence was well within the statutory maximum.

Finally, as the magistrate judge notes, challenges based on United States v. Booker, 125 S.Ct. 738 (2005), may not be retroactively applied. See United States v. Morris, 429 F.3d 65 (4th Cir. 2005). Accordingly, the petitioner's habeas corpus challenge that her Sixth Amendment right to trial by jury was violated is without merit.

Because this Court concludes that the magistrate judge's recommendation is without clear error, this Court hereby ACCEPTS and ADOPTS the magistrate judge's report and recommendation. Accordingly, the petitioner's § 2255 motion is DENIED with prejudice. This civil action is hereby DISMISSED and STRICKEN from the active docket of this Court.

Finally, this Court finds that the petitioner was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights. Because the petitioner failed to object, she has waived her right to seek appellate review of this matter. See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the defendant and to counsel of record herein.

DATED:      January 9, 2006

                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE